[Cite as *State v. Parham*, 2013-Ohio-5229.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

SERVIN A. PARHAM

    Appellant

C.A. No.    26872

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 12 10 2910

DECISION AND JOURNAL ENTRY

Dated: November 27, 2013

HENSAL, Judge.

{¶1} Servin Parham appeals the decision of the Summit County Court of Common Pleas to deny his motion to suppress. For the following reasons, this Court affirms.

I.

{¶2} According to Detective Ted Male, on October 10, 2012, the Akron Police Department received an anonymous tip that there was an individual attempting to sell drugs to children near 1105 Toby Terrace. The caller described the individual as a six-foot-one black male wearing a black vest with an orange shirt underneath and jeans. Detective Male testified that, when he got to the area with his partner, an undercover officer informed them a man matching the description provided by the caller was nearby. After locating the man, Detective Male and his partner got out of their cruiser and approached him. Detective Male told the man, Mr. Parham, the reason that they had approached him and the fact that he was going to pat him down before they continued talking. According to the detective, as he conducted the pat-down,

he felt a "prominent bulk" in the pocket of Mr. Parham's vest. Detective Male recognized the item as drugs because it was "the same texture, dimension, same size, [and] weight" of other contraband that he had "recovered probably several hundred times in the last 13 years." He removed the item from the vest, which was a plastic bag containing a number of smaller bags that contained marijuana.

{¶3} After retrieving the plastic bag, Detective Male arrested Mr. Parham. According to the detective, before he patted Mr. Parham down, Mr. Parham told him "that he was coming from * * * get[ting] something to eat." Upon recovery of the bag from the vest, Mr. Parham told him that "he just threw it on to go to school." Detective Male could not recall any other statements that Mr. Parham made during their encounter.

{¶4} The Grand Jury indicted Mr. Parham for trafficking in marijuana and possession of marijuana. Following discovery, Mr. Parham moved to suppress all of the statements that were taken from him and all of the evidence that had been seized from him. He argued that officers failed to advise him of his *Miranda* rights, that Detective Male's frisk exceeded the scope of a *Terry* stop, and that the anonymous tip that led to the stop was too unreliable to support an investigatory stop. After holding a hearing on the motion, the trial court denied it. Mr. Parham subsequently pleaded no contest to the charges. The trial court found him guilty of trafficking in marijuana, dismissed the possession charge, and sentenced him to six months of community control. Mr. Parham has timely appealed, assigning as error that the trial court incorrectly denied his motion to suppress.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED DEFENDANT-APPELLANT SERVIN PARHAM'S MOTION TO SUPPRESS ILLEGALLY-OBTAINED EVIDENCE.

{¶5} Mr. Parham argues that the trial court should have suppressed the statements that he made to officers after they detained him and the contraband that Detective Male retrieved from his vest pocket. A motion to suppress presents a mixed question of law and fact:

> When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶6} Regarding his statements to police, Mr. Parham argues that the trial court should have suppressed them because the State did not present any evidence that he received *Miranda* warnings. Law enforcement officers, however, "are not required to administer *Miranda* warnings to everyone whom they question." *State v. Biros*, 78 Ohio St.3d 426, 440 (1997). At the suppression hearing, Mr. Parham had the initial burden of demonstrating that he was subject to a custodial interrogation. *State v. Spahr*, 2d Dist. Nos. 2008 CA 21, 2008 CA 22, 2009-Ohio-4609, ¶ 13 ("When seeking suppression of a confession, the defendant bears the burden of proving that he was subjected to a custodial interrogation."); *State v. Walsky*, 11th Dist. No. 2012-P-0109, 2013-Ohio-4115, ¶ 13.

{¶7} Detective Male was the only witness who testified at the hearing. According to him, Mr. Parham made two statements to him. The first was before he began the pat-down,

when Mr. Parham told him that he was coming from getting something to eat. The second was after the pat-down when Mr. Parham told him that he had just put the vest on to go to school, suggesting that he did not know it contained a bag with marijuana. There is no evidence in the record that Mr. Parham made the statements in response to a question from Detective Male, his partner, or another law enforcement officer. Accordingly, Mr. Parham failed to establish that he made any statements during custodial interrogation. The trial court, therefore, correctly denied his motion to suppress his statements.

{¶8} Regarding whether the court should have suppressed the drugs that Detective Male retrieved from Mr. Parham's vest pocket, Mr. Parham argues that the detective's testimony did not establish that the "prominent bulk" he felt was immediately apparent as contraband. "The frisk, or protective search, approved in *Terry* is limited in scope to a pat-down search for concealed weapons when the officer has a reasonable suspicion that the individual whose behavior he is investigating at close range may be armed and dangerous." *State v. Andrews*, 57 Ohio St.3d 86, 89 (1991). The scope of the search, however, may be expanded under the "plain feel" doctrine. *State v. Biehl*, 9th Dist. Summit No. 22054, 2004-Ohio-6532, ¶ 25. According to the United States Supreme Court,

> If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.

*Minnesota v. Dickerson*, 508 U.S. 366, 375-376 (1993). "[An] officer, however, is limited to detecting the object's incriminating character by merely patting the exterior clothing without manipulating the object to identify it as contraband." *State v. Morton*, 9th Dist. Summit No. 25117, 2010-Ohio-3582, ¶ 20.

{¶9} Detective Male testified that, when he performed the pat-down, he felt a "prominent bulk" in Mr. Parham's vest pocket that he recognized as contraband because it was the "same texture, dimension, same size, [and] weight" as contraband he had recovered "probably several hundred times in the last 13 years." On cross-examination, the detective denied manipulating the object. According to him, he knew what it was just from touching it because it had "[m]ultiple lumps" and was "spongy."

{¶10} Mr. Parham argues that the object in his pocket could have been any number of things that are legal to possess. He has not pointed to anything in the record, however, that undermined the credibility of Detective Male's statement that he could tell it was contraband just by touching it during the pat-down. Upon review of the record, we conclude that the detective established that it was immediately apparent to him that the spongy object he felt in the pocket of Mr. Parham's vest was contraband. The trial court, therefore, properly denied Mr. Parham's motion to suppress the bag of marijuana. Mr. Parham's assignment of error is overruled.

III.

{¶11} The trial court correctly denied Mr. Parham's motion to suppress. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶12} I concur in the judgment. Based upon the limited argument advanced in the appellant's merit brief, the trial court did not err in overruling the suppression motion.

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

NOAH C. MUNYER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.